United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 16, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40469
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROGELIO DE LA CRUZ-GONZALEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:03-CR-1644-ALL
--------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Rogelio de la Cruz-Gonzalez has appealed his guilty-plea
conviction of attempting to enter the United States illegally
following deportation.  De la Cruz-Gonzalez contends that the
"felony" and "aggravated felony" provisions of 8 U.S.C.
§ 1326(b)(1) and (2) are unconstitutional in light of Apprendi v.
New Jersey, 530 U.S. 466 (2000).  De la Cruz-Gonzalez contends
also that his sentence was imposed illegally in light of Blakely
v. Washington, 124 S. Ct. 2531 (2004).  He concedes that these

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

arguments are foreclosed. See <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998); <u>United States v. Pineiro</u>, 377 F.3d 464, 465-66 (5th Cir. 2004), <u>petition for cert. filed</u> (U.S. July 14, 2004) (No. 04-5263); <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000). He asserts that <u>Almendarez-Torres</u> has been called into doubt by <u>Apprendi</u> and <u>Blakely</u>. He seeks to preserve the issues for possible Supreme Court review.

De la Cruz-Gonzalez contends, and the Government concedes, that the judgment recites incorrectly that de la Cruz-Gonzalez was convicted of illegal reentry following deportation, instead of an attempt to commit that offense. The case must be remanded to the district court so that the judgment may be reformed to reflect the correct offense of conviction. See <u>United States v. Powell</u>, 354 F.3d 362, 371-72 (5th Cir. 2003); FED. R. CRIM. P. 36.

AFFIRMED and REMANDED.