**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Alfredo ALBARENGA–VILLALOBO,**
**Defendant–Appellant.**

No. 04–20399.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Oct. 4, 2005.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

James Lee Turner, Renata Ann Gowie, Assistant U.S. Attorneys, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Molly E. Odom, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

### ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

PER CURIAM: *

This court affirmed the sentence of Alfredo Albarenga–Villalobo (Albarenga). *United States v. Albarenga–Villalobo*, 115 Fed.Appx. 224 (5th Cir.2004) (unpublished). The Supreme Court vacated and remanded for further consideration in light of *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Albarenga pleaded guilty to illegal re-entry by a previously deported alien. The district court sentenced Albarenga to 58 months of imprisonment and three years of supervised release. In his original appeal, Albarenga argued that the "felony" and "aggravated felony" provisions of § 1326(b) are unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Albarenga also argued that, if *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), were overruled and given the Supreme Court's ruling in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), his sentencing enhancement on the basis of prior convictions would be unconstitutional. At the time, Albarenga acknowledged that his arguments were foreclosed, but he raised them to preserve possible Supreme Court review. We affirmed.

Because the question whether the sentence was imposed legally in light of the rule in *Booker* has been asserted for the

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

first time on appeal, our review is for plain error, at most. *See United States v. Valenzuela-Quevedo,* 407 F.3d 728, 732–33 (5th Cir.2005), *petition for cert. filed* (July 25, 2005) (No. 05–5556); *United States v. Mares,* 402 F.3d 511, 520 (5th Cir.2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04–9517). In *United States v. Taylor,* 409 F.3d 675, 677 (5th Cir.2005), we held that because a defendant had not demonstrated plain error, "it is obvious that the much more demanding standard for extraordinary circumstances warranting review of an issue raised for the first time in a petition for certiorari, cannot be satisfied." It is not necessary to determine when Albarenga first raised the *Booker* issue because, as will be shown below, he has not demonstrated plain error.

After *Booker,* "[i]t is clear that application of the Guidelines in their mandatory form constitutes error that is plain." *Valenzuela-Quevedo,* 407 F.3d at 733. Albarenga argues that the error affected his substantial rights because it was structural or because prejudice should otherwise be presumed. Albarenga concedes that these arguments are foreclosed. *See United States v. Malveaux,* 411 F.3d 558, 560 n. 9 (5th Cir.2005), *petition for cert. filed* (July 11, 2005) (No. 05–5297).

To satisfy the plain-error test in light of *Booker,* Albarenga must demonstrate that his substantial rights were affected by the error. *United States v. Infante,* 404 F.3d 376, 395 (5th Cir.2005). Albarenga admits that he cannot make a particularized showing of an effect on his substantial rights or that the record indicates in any way that the district court would have imposed a lower sentence under an advisory sentencing scheme. Accordingly, there is no basis for concluding that the district court would have imposed a lower sentence under an advisory sentencing regime. *See Mares,* 402 F.3d at 522.

We conclude that nothing in the Supreme Court's *Booker* decision requires us to change our prior affirmance in this case. We reinstate our judgment affirming Albarenga's conviction and sentence.

AFFIRMED.