United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 4, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40363
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE MENDOZA-SIFUENTES,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:03-CR-1002-ALL
---------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This court affirmed the conviction and sentence of Jose

Mendoza-Sifuentes (Mendoza). United States v. Mendoza-Sifuentes,

No. 04-40363 (5th Cir. Dec. 17, 2004) (unpublished). The Supreme

Court vacated and remanded for further consideration in light of

United States v. Booker, 125 S. Ct. 738 (2005). See de la Cruz-

Gonzalez v. United States, 125 S. Ct. 1995 (2005). This court

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

requested and received supplemental letter briefs addressing the impact of Booker.

In his supplemental letter brief, Mendoza argues that the district court committed reversible plain error when it sentenced him pursuant to the mandatory United States Sentencing Guidelines system held unconstitutional in Booker. He also argues that his Booker claim is not precluded by the terms of the appellate-waiver provision in his plea agreement.

This court previously held that Mendoza's claims were not precluded by the terms of the appellate-waiver provision. However, the Supreme Court vacated this court's judgment and remanded the case for further consideration in light of Booker. Thus, the prior opinion is deprived of any precedential effect, and this court must consider whether, in light of Booker and this court's subsequent decisions, Mendoza's Booker claim is precluded by the terms of the appellate-waiver provision. See Brown v. Bryan County, OK, 219 F.3d 450, 453 n.1 (5th Cir. 2000).

The record reflects that Mendoza knowingly and voluntarily waived his right to appeal his sentence. See United States v. McKinney, 406 F.3d 744, 746 (5th Cir. 2005). He reserved the right to appeal only a sentence imposed above the statutory maximum or an upward departure from the guideline range. After Booker, this court has held that the foregoing exceptions are not implicated, and, thus, Mendoza's Booker claim is barred by the appellate-waiver provision. See United States v. Bond, ___ F.3d

___, No. 04-41125, 2005 WL 1459641, at *3 (5th Cir. June 21, 2005) (sentence in excess of the statutory maximum); McKinney, 406 F.3d at 746-47 (upward departure).

In his original appeal to this court, Mendoza argued that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) were unconstitutional. To the extent Mendoza's challenge to the constitutionality of 8 U.S.C. § 1326 is construed as a challenge to his conviction, it is not precluded by the terms of the appellate-waiver provision. Nevertheless, this argument is foreclosed. See Almendarez-Torres v. United States, 523 U.S. 224, 247 (1998); United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). Booker did not overrule Almendarez-Torres. See Booker, 125 S. Ct. at 756.

Accordingly, the judgment of the district court is AFFIRMED.